**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| MARTILLA WESTBROOK, | : | Case No. 1:26-cv-284 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| EUREST COMPASS GROUP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 9). Plaintiff filed a Motion for Extension of Time (Doc. 11) and a contemporaneous Response in Opposition (Doc. 12). The Court granted Plaintiff's request, allowing her an additional 21 days to file a supplemental response. (7/24/26 Notation Order.) Plaintiff did so (Doc. 13), and Defendant filed a Reply (Doc. 14). Two weeks later, Plaintiff filed a second Motion for Extension of Time (Doc. 15) which remains pending. Accordingly, the matter is ripe for the Court's review.

For the following reasons, Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 9) is **GRANTED** and Plaintiff's Second Motion for Extension of Time (Doc. 15) is **DENIED AS MOOT**.

**BACKGROUND**

On March 18, 2026, Plaintiff filed a pro se suit against Defendant, her former employer, for alleged actions arising during her employment. (*See generally* Compl., Doc. 1-1.)

Plaintiff alleges she was "Bullyed [sic] Harassed Treated unfairly, [and] Discriminated against." (*Id.* at Pg. ID 5.) She alleges that after reporting these problems to Human Resources, she faced retaliation by being escorted out of the facility on December 19, 2024. (*Id.* at Pg. ID 5-6.) On June 29, 2026, Defendant filed a Motion to Compel Arbitration and to Stay Proceedings in light of an arbitration agreement between the parties. (Motion, Doc. 9.)

## LAW AND ANALYSIS

### I. Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 9)

Under the Federal Arbitration Act ("FAA"), "a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (quoting 9 U.S.C. § 2). When ruling on a motion to compel arbitration, a court engages in a four-part inquiry: "first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Id.*

The parties dispute whether they agreed to arbitrate. Defendant alleges that the parties "formed a valid and enforceable contract to arbitrate[.]" (Motion, Doc. 9, Pg. ID 58.) In support, Defendant submits a declaration from Sandy Baily, the HRIS Operations

Manager for Defendant, who testified that Plaintiff signed the Mutual Arbitration Agreement on January 11, 2023, and a copy of the Agreement. (Decl., Doc. 9-1, Pg. ID 62-65; Mutual Arbitration Agreement, Doc. 9-2, Pg. ID 66.) Plaintiff, in response, asserts that the Agreement lacks her electronic signature and that she does not recall signing anything. (Reply, Doc. 13, Pg. ID 75.)

Plaintiff's first assertion—that the Agreement lacks her electronic signature—is patently untrue. Both Defendant, and Plaintiff herself, submitted a copy of the Agreement that was electronically signed by Plaintiff on January 11, 2023. (*See* Agreement, Doc. 9-2, Pg. ID 66; Response, Doc. 13, Pg. ID 76 (showing that the Agreement was "digitally signed by: Martilla A. Westbrook on 01/11/[2023.]").) Moreover, Defendant submitted a Declaration of the Operations Manager who confirmed that the Agreement was signed, and that an email was sent to Plaintiff's personal email account with a copy of all the digitally signed documents. (Decl., Doc. 9-1, Pg. ID 62-65.) Accordingly, the Court finds that the Agreement does contain Plaintiff's signature.

Plaintiff's next argument—that she does not recall signing the Agreement—is similarly futile. An individual's failure to remember signing a contract is insufficient to create an issue on the enforceability of the Agreement. *See Morgan v. United Healthcare Servs., Inc.*, No. 1:12-CV-676, 2013 U.S. Dist. LEXIS 61723, at *3 (S.D. Ohio Apr. 30, 2013) ("[The plaintiff] could not have 'accepted' . . . the employment offer unless she also agreed to the Arbitration Policy as a condition of employment. To the extent plaintiff suggests she does not remember, this fails to create any issue as to whether the parties had a valid agreement to arbitrate."); *Jones v. U-Haul Co. of Mass. & Ohio*, 16 F. Supp. 3d 922, 935 (6th

Cir. 2014) ("[T]o the extent [the plaintiff] maintains that she does not remember signing the EDR Agreement, or that her signature was not authentic, this fails to create any issue as to whether the parties had a valid agreement to arbitrate.")

Plaintiff agreed—as part of the Agreement—to "use binding, individual arbitration as the sole and exclusive means to resolve all legal claims[.]" (Agreement, Doc. 9-2, Pg. ID 66.) The Sixth Circuit follows the "cardinal rule that, in the absence of fraud or willful deceit, one who signs a contract which she has had an opportunity to read and understand, is bound by its provisions." *Stout*, 228 F.3d at 715 (quoting *Allied Steel and Conveyors, Inc. v. Ford Motor Co.*, 277 F.2d 907, 913 (6th Cir. 1960) (internal quotations omitted).) Accordingly, because Plaintiff signed the Agreement, and any argument that she does not remember doing so is futile, Defendant has made a sufficient showing of a valid arbitration agreement in this matter.

As to the scope of the arbitrable claims, the Agreement broadly provides that the parties agree to use arbitration to any legal claims "including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment[.]" (Agreement, Doc. 9-2, Pg. ID 47.) The Agreement further clarifies that arbitration covers "any claims of alleged discrimination, harassment, or retaliation[.]" (*Id.*)

Neither party disputes that Plaintiff's claims of harassment, discrimination, and retaliation relate to her employment with Defendant and therefore fall within the scope of arbitration. (*See* Compl., Doc. 1, at 2 (explaining that this is an action that arose "throughout [her] time of employment.").) And, it is worth mentioning that courts,

including the Sixth Circuit, have routinely found Title VII claims to be arbitrable and that Congress has not intended otherwise. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509 (6th Cir. 2004) ("Congress did not intend to exclude Title VII claims from arbitration."); *Nelly v. Shelly & Sands, Inc.*, No. 2:20-CV-1100, 2020 U.S. Dist. LEXIS 133370, at *16 (S.D. Ohio July 28, 2020) ("Courts have held that 1981, Title VII and Chapter 4112 claims may be arbitrated.")

Next, Defendant requests a stay pending arbitration. (*See* Motion, Doc. 9) Section 3 of the FAA dictates that a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has recently confirmed that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Thus, a stay is appropriate.

## II. Plaintiff's Motion for Extension of Time to Submit a Response (Doc. 15)

Finally, Plaintiff filed a Motion for Extension of Time to Submit a Response to the Defendant's Response (Doc. 15). Having reviewed the Motion, the Court construes it as a Motion for Leave to File a Sur-Reply, as Plaintiff requests time to "CLARIFY & EXPLAIN" what Defendant discussed in its Response and requests time to do so. Under Local Rule 7.2(a)(2) any "additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." The Court finds that Plaintiff has not shown good cause. Indeed, Plaintiff's Motion merely states that she needs to "POINT OUT THAT THEY SUBMITTED THE ARBITRATION AGREEMENT & DOES NOT

CONTAIN [her] SIGNATURE." (Motion, Doc. 15, Pg. ID 83.) The Court has already addressed this argument, and finds no good cause for further briefing on this issue. Given that the Court was able to resolve the matter without further briefing from Plaintiff, her motion is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Compel Arbitration and to Stay Proceedings (Doc. 9) is **GRANTED**;
2. Plaintiff's Motion for Extension of Time to Submit a Response (Doc. 15) is **DENIED AS MOOT**;
3. The Court **COMPELS** the matter to arbitration;
4. This matter, including all case deadlines, is **STAYED** pending the outcome of arbitration; and
5. The parties **SHALL NOTIFY** the Court within 14 days upon the conclusion of arbitration.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND